UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: THE GREAT WEST CASUALTY COMPANY
INSURANCE LITIGATION                                                                 MDL No. 2692


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiff David Johnson, acting *pro se*, moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in the District of District of Columbia. This litigation currently consists of three actions listed on Schedule A and pending in three districts.[1] All responding parties oppose centralization, including common party Great West Casualty Company (Great West), which is a defendant in the actions pending in Illinois and Tennessee and plaintiff in the action pending in Montana.

After considering the argument of the parties, we deny centralization. The three actions on the motion involve no common factual issues aside from the broad fact that, in each action, a common insurance company has denied coverage of an insurance claim. But the claims underlying these actions have no facts in common. Mr. Johnson alleges that his former employer and Great West have denied him insurance coverage in connection with a purported on-the-job injury, and that, in so doing, they invaded plaintiff's privacy, denied him due process, violated the Americans with Disabilities Act and the Illinois Human Rights Act, and breached fiduciary duties pursuant to ERISA. Mr. Johnson also claims that his former employer fails to pay its employees for all time worked in violation of the Fair Labor Standards Act, and he seeks certification of a collective action. In contrast, the Eastern District of Tennessee *Fields* plaintiff seeks to recover damages from Great West for its alleged failure to pay his workers' compensation ordered medical care, causing the expenses to be covered by Medicare. The District of Montana *Great West* action is a third party coverage dispute involving whether Great West owes a duty to defend or indemnify plaintiff as to a claim filed by an allegedly injured party who was not employed by plaintiff.

Mr. Johnson argues that these actions share factual questions regarding Great West's "post-claim underwriting" and rescission of insurance, and that all actions share factual questions arising from allegations that defendants violated antitrust laws. He also argues that his action and the *Fields* action both will involve issues related to Medicare. We cannot centralize all claims in which a particular insurer denies coverage or all cases involving Medicare. These basic commonalities among the cases are far outweighed by the unique facts and legal issues presented by each case. Moreover, while Mr. Johnson argues that discovery will overlap, and centralization will avoid

---

[1] Mr. Johnson's motion included two additional actions, but those actions have been closed since before the filing of the instant motion. Mr. Johnson has notified the Panel of five potentially-related actions, pending in five districts, but one action has since been closed.

-2-

inconsistent rulings on issues such as class certification, he fails to specifically identify any discovery that will be common to these actions. The discovery he identifies as common to the actions, such as "underwriting files" and "all writing correspondence," is far too broad to provide a basis for centralization. Movant also apparently fails to appreciate that his is the only action brought on behalf of a collective class and that no other action on the motion involves antitrust claims.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: THE GREAT WEST CASUALTY COMPANY
INSURANCE LITIGATION**          MDL No. 2692

## SCHEDULE A

<u>Northern District of Illinois</u>

JOHNSON v. GREAT WEST CASUALTY COMPANY, ET AL., C.A. No. 1:14-07858

<u>District of Montana</u>

GREAT WEST CASUALTY COMPANY v. WOODY'S TRUCKING, LLC, C.A. No. 1:15-00081

<u>Eastern District of Tennessee</u>

FIELDS v. GREAT WEST CASUALTY COMPANY, C.A. No. 1:15-00117